69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Scott A. HEIMERMANN, for Allen Acquisition Corporation,
Plaintiff-Appellant,
v.
CALIFORNIA FEDERAL BANK and Cantor Fitzgerald Brokerage, LP,
Defendants-Appellees.
 No. 95-1818.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Scott A. Heimermann, a prisoner at Waupun Correctional Institute in Wisconsin, and allegedly a shareholder, advisor, and consultant of the Allen Acquisition Corporation, filed suit against defendants California Federal Bank and Cantor Fitzgerald Brokerage, LP for breach of contract, breach of fiduciary duty, fraudulent conveyance of assets, discrimination, and "Public Sealed-Bid Fixing." Heimermann, who requested to proceed in forma pauperis, asserted that defendants erroneously rejected Allen Acquisition's bid of 240 million dollars for various loans being sold by the defendants. The district court dismissed his complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and Heimermann appeals.
 
 
 2
 We have carefully reviewed the record and briefs in this matter and affirm for the reasons detailed by the district court in its order dated March 10, 1995, attached hereto.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 4
 Scott Heimermann, for Allen Acquisition Corporation, Plaintiff,
 
 
 5
 v.
 
 
 6
 California Federal Bank, and Cantor Fitzgerald Brokerage,
 
 
 7
 LP, Defendants.
 
 Case No. 93-C-1322
 
 8
 STADTMUELLER, Chief Judge.
 
 
 9
 On November 29, 1993, Mr. Heimermann filed a complaint seeking damages and injunctive relief for, inter alia, breach of contract. Before the court is the defendants' motion to dismiss.[1]
 
 
 10
 The defendants raise two grounds for dismissal. First, they argue that Mr. Heimermann, a shareholder of Allen Acquisition Corporation, lacks standing to assert that corporation's rights. It is true that, under the prudential doctrine of shareholder standing, shareholders are generally prohibited from initiating actions to indirectly enforce the rights of the corporation. See Franchise Tax Bd. of California v. Alcan Aluminum Ltd., 493 U.S. 331, 336 (1990). In his response to the defendants' motion, however, Mr. Heimermann asserts that "[o]n May 19, 1994, the Allen Acquisition Corporation transferred their full absolute interest and claim in this matter, to the Plaintiff, Scott A. Heimermann." (Motion in Support of Plaintiffs Standing in this Action and of Breach of Contract, Specific Performance Claims ("Heimermann Response Brief") at 2.) Notwithstanding the court's serious doubts about Mr. Heimermann's standing to bring this action, I will assume, for the purposes of this motion, that the alleged assignment is legally enforceable and sufficient to create standing.
 
 
 11
 That brings us to the defendants' second ground for dismissal, failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). The court may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In considering dismissal, the court must "accept as true all the plaintiff's well pleaded factual allegations and the inferences reasonably drawn from them." Gibson v. City of Chicago, 910 F.2d 1510, 1520-21 (7th Cir.1990).
 
 
 12
 Liberally construed, Mr. Heimermann's complaint alleges five different claims: breach of fiduciary duty, fraudulent conveyance of assets, discrimination, "Public Sealed-Bid fixing," and breach of contract. Mr. Heimermann, a shareholder of a company that has no relevant connection to Cantor Fitzgerald, clearly lacks standing to bring a fraudulent conveyance or fiduciary duty claim against that company.[2] Similarly, to the extent that any such claims exist, Mr. Heimermann has not stated any cognizable claim for "discrimination" or "Public Sealed-Bid fixing." Thus, the court's disposition of the defendants' motion to dismiss turns on Mr. Heimermann's breach of contract claims.
 
 
 13
 In his complaint, Mr. Heimermann alleges the following sequence of events. The defendants offered a portfolio of loans for sale. In connection with that sale, the defendants created a confidentiality agreement (the "Agreement"). Under the terms of the Agreement, the defendants agreed to make asset files of the relevant loans available to "authorized representatives" of "Prospective Purchasers" that signed the Agreement. Under the terms of the Agreement, the asset files were available for review "by appointment only."
 
 
 14
 Allen Acquisition Corporation ("Allen") sought and received a confidentiality agreement from the defendants. It sent a signed copy of the Agreement, along with a request for "Loan Sale Agreements," "Affidavits of Non Collusion," "Purchaser Eligibility Certification[s], "bid forms," and "Schedule[s] of assets," to the defendants. Allen never received any of the requested information. Eventually, it made an "unconditional 240 million dollar cash bid" anyway. The defendants sold the portfolio to "a lower valued bidder."
 
 
 15
 Even if the court accepts Mr. Heimermann's fantastical allegations (particularly with respect to the $240 million in cash) as true, they nonetheless fail to set forth facts from which the court could infer that Allen ever entered into a contract with the defendants to buy the loan portfolio. Even if Allen's "unconditional 240 million dollar cash bid" was the high bid, the defendants owed Allen no duty to accept it. Allen simply made an offer that was not accepted. No contract was ever formed.
 
 
 16
 Mr. Heimermann argues that the Agreement was a binding contract. It is unlikely that, under the law of Wisconsin or California, the Agreement would be construed as a binding agreement to provide the asset files for review. Allen's copy of the Agreement was only signed by one party (Allen). The language of the Agreement suggests that, in any case, the defendants wouldn't be bound until they decided to allow a prospective purchaser to review the files.
 
 
 17
 Moreover, even if the Agreement was legally binding, Mr. Heimermann has failed to set forth facts from which the court could infer that it was breached by the defendants. The asset file review contemplated under the Agreement is "by appointment only by authorized representatives." The Agreement clearly contemplates review at a site chosen by the defendants:
 
 
 18
 Neither the Asset Files nor any of the Confidential Information contained therein shall be copied or otherwise duplicated or any information removed therefrom without the prior written approval of Cantor, except that Prospective Purchaser may make handwritten or computer notes regarding the information contained in the files.
 
 
 19
 (Agreement at 2.) Mr. Heimermann does not allege that he ever made an appointment to review the files. He simply alleges that the copies of those files were not mailed to him. As the foregoing passage indicates, no such mailing was contemplated under the Agreement, and the failure to do so could not possibly be considered a breach of the Agreement.
 
 Conclusion
 
 20
 Mr. Heimermann does not have standing to raise any fraudulent conveyance or breach of fiduciary duty claims against the defendants. He has not raised any cognizable claims for "discrimination," "price fixing," or breach of contract. Accordingly,
 
 
 21
 IT IS ORDERED that the defendants' motion to dismiss be and the same is hereby GRANTED;
 
 
 22
 IT IS FURTHER ORDERED that the other motions pending in this action be and the same are hereby DENIED as moot;
 
 
 23
 IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED.
 
 
 24
 The clerk is directed to enter judgment accordingly.
 
 
 25
 Dated at Milwaukee, Wisconsin this 10th day of March, 1995.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The parties (particularly Mr. Heimermann) have also filed a number of other motions that remain unresolved. The court's disposition of the defendants' motion to dismiss will make those other motions moot
 
 
 [2]
 Many of Mr. Heimermann's allegations relate to the defendants' duties and obligations to their shareholders. Mr. Heimermann doesn't pretend to be a shareholder of any of the companies involved, and he claims no other basis for suing on behalf of the defendants' shareholders. Thus, his claims for breach of the defendants' duties and obligations to their shareholders must fail